### ANIMARIUM CO. v. NEIMAN et al.

(Circuit Court, S. D. Iowa, C. D. December 11, 1899.)

EQUITY PLEADING—MULTIFARIOUSNESS.

The rule as to multifariousness is largely one of convenience, and a bill which joins as defendants certain individuals and a company, alleging that the individual defendants, under the name of the company as a pretended corporation, are engaged in the manufacture and sale of certain articles which infringe different patents owned by complainant, and also that they wrongfully use on such articles an imitation of complainant's trade-mark, is not subject to demurrer for multifariousness, either on the ground of misjoinder of defendants or of causes of action, all the defendants being jointly interested in each cause of action stated, and no reason appearing why such causes cannot be conveniently tried together, and with less expense to the parties than separately.

In Equity. On demurrer to bill.

Thornton & Chancellor and Dudley & Coffin, for complainant.
L. Kinkead and R. G. Dyrenforth, for defendants.

SHIRAS, District Judge. In the bill filed in this case it is averred that John N. Neiman, George W. Johnson, and George C. Hunter are engaged in business at Des Moines, Iowa, under the name and style of the Iowa Electropoise Company, a pretended corporation, but acting without a charter and license; and that these parties are infringing upon the rights secured to the complainant as the

owner of certain letters patent issued to Dr. Hercules Sanche, and by him assigned to the complainant company, and also as the owner of certain trade-marks used in connection with the sale of the patented articles. To this bill a demurrer is interposed on the ground of multifariousness, it being urged in support thereof that the joining of the Electropoise Company with the individual defendants, and charging in the one bill violations of the four separate letters patent, and charging in the one bill the violation of the rights secured by the letters patent and those secured by the trade-marks, are each sufficient grounds to sustain the objection of multifariousness. Counsel for complainant have submitted a very full brief, complemented by an able oral argument, in support of the demurrer, but I do not deem it necessary to discuss the authorities thus submitted. The rule that should govern the court in this case is given in the opinion of the supreme court in U. S. v. American Bell Tel. Co., 128 U. S. 315, 352, 9 Sup. Ct. 90, 32 L. Ed. 450, in which case a bill was filed on behalf of the United States asking the cancellation of two letters patent, one dated March 7, 1876, and the other January 30, 1877, it being charged that the issuance of these several patents was procured by means of fraud, false suggestion, concealment, and wrong practiced on the patent office. In considering the objection of multifariousness urged against the bill, the supreme court ruled that:

"The principle of multifariousness is one very largely of convenience, and is more often applied where two parties are attempted to be brought together by a bill in chancery, who have no common interest in the litigation, whereby one party is compelled to join in the expense and trouble of a suit in which he and his co-defendant have no common interest, or in which one party is joined as complainant with another party, with whom, in like manner, he either has no common interest at all, or no such interest as requires the defendant to litigate it in the same action. Oliver v. Piatt, 3 How. 333, 11 L. Ed. 622; Walker v. Powers, 104 U. S. 245, 26 L. Ed. 729. In the present case there is no such difficulty. The Bell Telephone Company and Mr. Bell himself are the only parties defendant, and their interest in sustaining the patent is the same. So, also, there is no such diversity of the subject-matter embraced in the assault on the two patents that they cannot be conveniently considered together, and, although it may be possible that one patent may be sustained, and the other may not, yet it is competent for the court to make a decree in conformity with such finding. It seems to us in every way appropriate that the question of the validity of the two patents should be considered together."

In the bill of complaint in this case it is averred that the Animarium Company is engaged in the manufacture and sale of apparatus for curing diseases, being the various kinds of apparatus described in the letters patent issued to Dr. Sanche, and by him assigned to complainant; and that in the sale of these articles complainant uses the trade-marks described in the bill. The bill then charges, in effect, that the defendants are engaged in the making and selling of articles which infringe upon the patent rights of complainant, and in doing so they use imitations of the trade-marks belonging to the complainant. Under these circumstances it cannot be held that there is a misjoinder of parties, either plaintiff or defendant. There is but one complainant, and it is averred that all the defendants are jointly engaged in carrying on the alleged in-

fringement; so that, if this averment be true, they are properly joined in the one action.

Can it be said that there is a misjoinder of causes of action? The bill charges that the defendants are united in making and selling articles or apparatus for the curing of diseases which infringe upon the rights secured to complainant by the letters patent described in the bill. While it may be true that the infringement of each patent might have been made the subject of a separate suit, it is not perceived that this would have resulted in any benefit to the parties, and it would unquestionably have largely increased the costs and expenses necessary to a hearing of four cases instead of one only. The patents have a general relation to each other, and, according to the averments of the bill, they all have a relation to the apparatus manufactured by complainant, and which it is claimed the defendants are imitating in the business carried on by them. The same is true of the trade-marks which the bill charges are being imitated and wrongfully used by the defendants in the sale of the articles claimed to infringe upon the patent rights of complainant. If it appears that a person manufactures an article which is an infringement of a patent owned by another, and in order to secure a ready or enlarged sale for the infringing article he places thereon the known trade-mark of the patentee, what good reason exists for holding that the injured party may not in the one suit obtain relief and protection against the infringement of his patent and the misuse of his trade-mark? If, in the progress of the case, it becomes apparent that the two questions cannot be conveniently dealt with in the one suit, the court can require a separation thereof, but there is not such an inherent difficulty in properly disposing of such issues under ordinary circumstances as to require the ruling upon a demurrer that a bill which seeks protection against an infringement of a patent and a misuse of a trade-mark cannot be sustained when it appears that the trade-mark is used as a means to secure the sale of the patented article. The demurrer is overruled, with leave to answer the bill by the January rule day.